# Com. ex rel. Dougherty *v.* Biddle.

### [ DECEMBER, 1846. ]

The enlistment of a minor into the army of the United States, under the act of 1847, (ten regiment bill) without the consent of his parent or guardian, is illegal.

The supreme court granted a *habeas corpus*, at the instance of the parent, and discharged the minor, though the same matter had been fully heard before a judge of the court of common pleas, and the discharge refused with the consent of the minor.

The court, in such case, has no authority to compel a return of the bounty or clothing received from the United States.

THIS was a *habeas corpus* directed to Captain Biddle, commanding him to bring up the body of one Dougherty, which writ was issued at the instance of his father. A return was made by Biddle, as captain in the United States army, stating, that on the 10th of March, a writ of *habeas corpus* issued out of the common pleas, and that said Dougherty was before said court, and being of years of discretion, and declaring in open court that he desired to remain with respondent as a soldier in the service of the United States, the said court, after a full investigation, remanded him, &c., and that nothing has since occurred to alter the circumstances of the case.

*Mr. O'Neil*, for the relator.—We deny the last part of the return. The court discharged him in the first instance, then remanded him, and this writ was taken to test the right of the subsequent holding.

[PER CURIAM. You cannot inquire into the truth of the return, but are put to your action for a false return.]

*Mr. Pettit*, for the United States.—The case has been once solemnly decided by a court of competent jurisdiction, and the question is, will this court entertain this second

[ Dougherty *v.* Biddle. ]

application? A full examination was made, and the order was, " That the said Dougherty being brought up, and stating in open court, after a full hearing, and being informed of his rights, he elected and chose to remain in the custody of the respondent, (Captain Biddle) under his enlistment; therefore, under the facts disclosed, the court refuse to discharge him."

[GIBSON, C. J.—It is in the discretion of this court to do it. It was done in a case in which I was concerned when at the bar,—the court had no hesitation.]

Will you use the discretion under the circumstances?

[PER CURIAM. If we see the court has decided erroneously.]

The New York cases consider it *res judicata.*

[PER CURIAM. The rule has been settled differently in this state. There is a case in Binney's Reports to that effect.]

The cases are so; but in no instance reported has a discharge been granted.

[GIBSON, C. J.—Proceed on the original grounds; let us have the proofs.]

The father of the boy was then called, and proved that his son was nineteen years old in December last,—was at school at the time he enlisted,—was not learning a trade, but worked in the summer at the brick yards,—that he never assented to the enlistment.

The court refused to hear evidence of the reasons of the decision of the court before which the case was formerly heard.

*Mr. Pettit,* district attorney, admitted there was no authority in the acts of congress for the enlistment of minors without the consent of their parents, the act of 1814 having been repealed, and the present act reviving the limitations contained in the acts of 1812, and 1815, Pet. Stat. at large, vol. ii. 133; vol. v. 225. He contended that this was not a case for the interference of the court, as the

[Dougherty *v.* Biddle.]

boy was of sufficient age to choose for himself, and had deliberately made a choice,—especially as the parent had made no provision for instructing him in any trade.

PER CURIAM.—We discharge the boy out of the custody of Captain Biddle.

It being suggested that he had received bounty and clothing from the United States, the court said they had no power to award a return thereof.*

---

* In *Com. ex rel. Webster* v. *Fox*, 7 Barr, 336, the court not only affirmed the doctrine of the above case, but discharged the minor, although the return to the writ stated that he had deserted and subsequently surrendered himself as a deserter; and that the matter had been decided by the court of common pleas. Mr. Justice COULTER, who delivered the opinion of the court, held, that the circumstance of the minor having left the custody of the officer, or deserted, made no material difference in the case : the contract of enlistment under the circumstances, (the minor having a father who was entitled to his services) was not binding on him, and he might leave the service. It might possibly make a difference if the minor were under arrest for the crime of desertion, and in process of trial by a court martial for the offence. But even then, a person unlawfully enlisted, and held without authority of law, could only be amenable to military punishment for desertion in the presence of an enemy, or in an enemy's country.

In the *Case of Veremaitre et al.*, JUDSON, J., *held*, that a state court has no jurisdiction, on *habeas corpus,* to discharge a soldier or sailor held under a law of the United States. 3 Am. L. J. 439.